nied, he was entitled to the alternative writ, in order that he might establish them.

It results that the order should be reversed, with $10 costs, and the application for an alternative writ granted.   All concur.

---

## WHITE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   January 7, 1902.)

1. RAILROADS—PASSING STATIONS—FAILURE TO SIGNAL AND SLOW UP—PERSONS NEAR TRACK—UNUSUAL PROJECTIONS—CONTRIBUTORY NEGLIGENCE.

On the day of the accident, plaintiff, a mail carrier, brought mail to defendant's north-bound passenger train, which was late. While waiting in the station, a whistle was heard, and the station agent remarked, "There comes your train," whereupon plaintiff went out towards the main track for the purpose of putting the mail on the supposed passenger train. It was broad daylight, but about 16 feet to the south freight cars standing on a' siding obstructed his view, and as he stepped from the siding towards the main track he was struck by a snowplow of defendant, which projected over the track about 3 feet, 4 inches,—11 inches further than a passenger coach,—and which was passing at a rate of 40 miles an hour, without any slow up or signals for the station. Before coming within 3 feet of the main track, plaintiff could have seen past the freight cars a long distance south down the main track. *Held*, that plaintiff was guilty of contributory negligence.

2. SAME—REMARKS OF STATION AGENT—GUARANTY.

The remark by the station agent to plaintiff that his train was coming was not an assurance or guaranty that the approaching train was the north-bound passenger, but was merely an inference based upon the course of events, which plaintiff himself could have drawn as well as such agent.

Appeal from trial term, Oswego county.

Action by George White against the New York Central & Hudson River Railroad Company.   From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Henry Purcell, for appellant.
Irving G. Hubbs, for respondent.

HISCOCK, J.   Upon the evidence in this case the jury had a right to find, amongst other things, as follows:   For some time prior to the day of the accident, March 1, 1900, plaintiff was engaged in carrying the mail from the village of Mallory to defendant's cars at the station of Mallory.   This station was one little used, situate upon a line of road operated by defendant running from Syracuse northerly to Richland.   Defendant's tracks passing it consisted of a main track and a siding.   From the door leading into the passenger room of the station to the nearest rail of the main track was 21 feet and 3 inches, and to the first rail of the side track was 9 feet and 4 inches.   The distance between these two tracks directly in front of the door was 6 feet 9.7 inches.   Plaintiff, upon this occasion, came to the station to bring the mail to a train due there from the south

a little before 2 o'clock in the afternoon. It was somewhat late that day, and he sat down in the station, and waited for it. After sitting there for a little time, he heard an engine whistle at the crossing about half a mile south of the depot, and the station agent said to him, "George, here comes your train." These mail trains came into the station ordinarily at a comparatively slow rate of speed, did not stop long, and within a short range varied somewhat in their points of stoppage in front of the station. Plaintiff took his mail bag, and followed a little path in the snow leading from the door of the station directly to the passenger track. Southerly of this path, and therefore in the direction from which the train was approaching, and about 16 feet from the path, were some freight cars, which obstructed the view in that direction. The tracks, both main and side, were parallel for a long distance towards the south. Instead of the passenger train, it was a snowplow driven by an engine which was approaching. It was going at the rate of 35 or 40 miles an hour, not drawing to any stop for the station, ringing no bell, and blowing no whistle, except as it must have blown at the crossing above suggested, and except as it gave danger signals before striking plaintiff. It was running on the time of the passenger train as a first section thereof. Plaintiff, according to his evidence, just crossed the side track, and according to the evidence of another witness did not come within about three feet of the main track. He says: "I just stepped across this rail [of the siding], and I see this train right on to me. I made a spring back, and was caught." And again: "After leaving the door at the point where I saw the smoke, I went just across the switch track. In going that distance from the door across the switch track I couldn't see up the track or south on the main tracks. The box cars obstructed my view of the track." An ordinary passenger or mail coach projects over the track about 2 feet 5 inches. The snowplow projected over from 7 to 11 inches further. Of course, defendant's version of the manner in which this accident occurred differs very materially from plaintiff's. But we must base our decision upon the findings most favorable to him which a jury would be entitled to make upon the evidence. It is claimed that the defendant was guilty of negligence in running this snowplow by this station at so high a rate of speed without adequate signals. Assuming, simply, for the purposes of this opinion, rather than actually holding, that the defendant might have been found guilty of negligence in these respects, we pass to the consideration of plaintiff's own conduct, and to the determination of the question whether he was so free from negligence that he can recover. Upon this issue his counsel has urged with much earnestness and ability that under all of the circumstances plaintiff had a right to rely upon the approaching train being the ordinary passenger and mail train; that, having in mind the brief stoppages of such trains, and the expeditious performance of his duties, it was proper for him to go to the side of the track before the train came to a full stop; that his view of the approaching train was obstructed; that his position would have been perfectly safe if the train had been the one he expected; that it was only made dangerous by the unexpected passage of the snowplow at a high rate of speed

and projecting several inches further over the track than the cars which he expected. This is substantially the theory upon which the case was submitted to the jury upon this point by the learned trial justice. While it has thus been urged with much force which entitles it to careful consideration, we think this contention is subject to defects, and that, if sustained, it would permit persons approaching moving trains to measure their conduct by altogether too liberal rules of chances and risks, and would impose upon railroad companies too rigorous and burdensome responsibilities. There are certain facts which must be charged against plaintiff upon the undisputed evidence. He knew that a train was coming. No other signals and no more extensive view of the track was necessary to apprise him of this. He expected that the head, at least, of the train would run beyond where he was. While, perhaps, the chances were that it would be the mail train for which he was waiting, we do not think that he had a right to absolutely assume or rely upon this. There had been a considerable fall of snow, and plaintiff, of course, knew that the defendant used snowplows. It had a perfect right to use them, and we may assume that the use of one necessarily involved running it at a considerable rate of speed. There was nothing improper in the construction of, or out of repair about, this plow. In this respect this case differs from that of St. John v. Railroad Co., 165 N. Y. 241, 59 N. E. 3, especially relied upon by respondent, where a passer-by waiting at a railroad crossing was struck by an improper projection from one of defendant's trains. The train which plaintiff expected was behind time, and this, in view of the season of the year and the condition of the track from snow, was of itself somewhat suggestive that there might be some variations from the ordinary operations of defendant's road. We do not think that the remark by defendant's station agent to plaintiff that his train was coming was an assurance or guaranty to plaintiff upon that subject. The trial justice so held. So far as the evidence discloses, this remark by the station agent, assuming that it was made by him, was an assumption based upon the ordinary course of events which plaintiff could have drawn as well as he. Plaintiff says that just as he stepped across the last rail of the siding he saw this snowplow upon him and jumped. This rail was nearly seven feet from the nearest one of the track upon which the snowplow was approaching, and therefore, if he is correct in that statement, he was not within three feet of the snowplow, and was not in any such place of danger as would adequately account for and charge defendant with his injuries. Another witness indicates that he had come within three feet of the main track, and this would account for his accident. The freight cars which it is claimed obstructed his view of the approaching train were 16 feet from the path which he used, and upon the evidence with reference to the measurements of passenger and mail cars it is fair to assume that these freight cars did not project over the track upon which they stood more than 2½ feet. Before he came within 3 feet of the passenger track he therefore could have looked by the freight cars a long distance down the track upon which the snowplow was approaching. If he did this, he must have seen it. If he did not, and came so close to the passenger

track as to be in a position of danger, we think he did not use the precautions which were necessary, and was guilty of taking risks which prevent him from recovering for an accident flowing therefrom. In accordance with these views we conclude that the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment and order reversed upon the law, this court having examined the facts, and found no error therein, and a new trial granted, with costs to the appellant to. abide event. All concur.